**Burrell FULLER, Petitioner–Appellant,**

v.

**Linda THOMAS, Warden,
Respondent–Appellee.**

No. 03–3611.

United States Court of Appeals,
Sixth Circuit.

Aug. 24, 2004.

Before: SILER, COLE, and ROGERS, Circuit Judges.

PER CURIAM.

The district court denied Burrell Fuller's habeas petition as untimely. Several years after an intermediate Ohio appeals court affirmed his conviction, Fuller unsuccessfully sought leave from the Ohio Supreme Court to hear his delayed appeal. In rejecting Fuller's subsequent habeas action as untimely, the district court found that AEDPA's one-year limit had already run, and that under *Searcy v. Carter*, 246 F.3d 515 (6th Cir.2001), the clock did not restart with the delayed appeal. Fuller argues on appeal that *Carey v. Saffold*, 536

U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), abrogates *Searcy*, and alternatively that his time should be equitably tolled. We **AFFIRM**.

## BACKGROUND

After being extradited from Mississippi, Fuller was convicted in Ohio state court of kidnaping and robbery. With his Ohio appeal pending, Fuller was returned to a Mississippi prison. After the Ohio Court of Appeals affirmed his conviction on August 10, 1998, Fuller's appointed attorney sent him a letter explaining that Fuller had forty-five days, until September 24, 1998, to file a discretionary appeal with the Ohio Supreme Court. The letter also advised Fuller to apply for another appointed attorney. After the court denied his request for another appointed attorney, Fuller sent a *pro se* appeal to the Ohio Supreme Court.

Fuller's notice of appeal arrived on September 29, 1998—four days late. The clerk sent the notice back, noting several technical deficiencies including that Fuller had failed to move for a delayed appeal. Fuller tried again on November 10, 1998, but the clerk returned his delayed appeal as deficient and referred Fuller to the Ohio Supreme Court rules on file in the prison library. Fuller's Mississippi prison did not have the Ohio rules.

Fuller was transferred back to an Ohio prison on July 25, 1999. In November 1999, he contacted the Ohio Public Defender's Office, which warned that his "case would have to be reviewed" before the office could represent him. On October 11, 2001, the public defender finally filed a motion for leave to file a delayed appeal with the Ohio Supreme Court. The court denied the motion on November 21, 2001.

Fuller filed his federal habeas petition on May 13, 2002. The district court dismissed Fuller's petition as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because under *Searcy v. Carter* the one-year statute of limitations ran from September 24, 1998—the last day Fuller could have timely appealed to the Ohio Supreme Court.

## ANALYSIS

### *Carey v. Saffold*

Fuller argues that *Carey v. Saffold* makes his habeas petition timely. We review the district court's disposition of Fuller's habeas petition de novo. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003). AEDPA provides "a 1–year period of limitation" for habeas petitions running from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2).

Absent any tolling, Fuller's conviction became final "by the expiration of the time" for seeking direct review with the Ohio Supreme Court on September 24, 1998—forty-five days after the intermediate Ohio appellate court affirmed his conviction. *See* Ohio Sup. Ct R. II, § 2(A)(1) (forty-five days for timely appeal to Ohio Supreme Court). Thus, Fuller's time to seek federal habeas ran out one year later on September 24, 1999.

Nevertheless, Ohio allows delayed appeals. Fuller filed a proper but unsuccessful motion for leave to file a delayed appeal on October 11, 2001. He argues that under *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the AEDPA time was tolled because his appeal

was "pending" until the Ohio Supreme Court denied the motion on November 21, 2001. Fuller misreads *Saffold.*

In *Saffold,* the Supreme Court interpreted when a state collateral attack is "pending" under AEDPA's § 2244(d)(2) tolling provision. The Court found that a petitioner's claim is "pending" for the entire term of state court collateral review, including those intervals between a lower state court's judgment and the filing of an appeal with a higher state court. 536 U.S. at 219–21. Fuller grasps on to *Saffold's* finding that the habeas time was tolled for California's indeterminate "reasonable" time to file a collateral attack. Asserting that his delayed appeal constitutes a state collateral attack, Fuller argues that, like the petitioner in *Saffold,* his time was tolled.

However, the petitioner in *Saffold* also properly filed an earlier state collateral attack.[1] Because of this earlier attack, the time was tolled because the petitioner's collateral proceeding was "pending" during the interval it took him to file the second collateral petition. *Saffold,* 536 U.S. at 217–18. Here, Fuller never filed a proper attack before his delayed appeal on October 11, 2001.

■ Fuller's two previous attempts to file an appeal with the Ohio Supreme Court do not start the tolling because they were not "properly filed." *Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (finding state collateral action must be properly filed, i.e., when its delivery and acceptance comply with the applicable state laws and rules governing filings, including the form of the document and the time limits upon its delivery, to start tolling). Unlike the *Saffold* petitioner, Fuller had no "properly filed" earlier

state collateral attack "pending" when the Ohio Supreme Court finally accepted his application for leave to file a delayed appeal. In the end, Fuller's clock had already run before his delayed appeal was properly filed. *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir.2003) (holding the tolling provision does not " 'revive' the limitation period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run") (citation omitted); *accord Searcy,* 246 F.3d at 519.

Additionally, even if Fuller had properly filed an earlier state collateral attack, the Ohio Supreme Court deemed his delayed appeal untimely. The *Saffold* Court found that only a timely second collateral attack could keep the claim alive and the time tolled. 536 U.S. at 226 (finding if the delay in filing the second attack was unreasonable, i.e., untimely, then "that would be the end of the matter"). Fuller asserts that this court should read the Ohio Supreme Court's dismissal of his leave to file a delayed appeal as reaching the merits. The order, however, "denies" "the motion for delayed appeal" and accordingly dismisses the cause. *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.2004)(citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir.1996)) ("Where a state court is entirely silent as to its reasons for denying requested relief, this court assumes that the state court would have enforced any applicable procedural bar."). Thus, even if Fuller had filed an earlier state collateral attack, under *Saffold,* the time would not be tolled because the state court deemed his second attack untimely.

### Equitable Tolling

Fuller argues the district court should have granted him equitable tolling, the

---

1. *Saffold* concerned an unusual procedure in California. Rather than directly "appeal" a collateral judgment, the prisoner may effectively appeal by filing a separate collateral

attack in the appellate court. 536 U.S. at 223–25. The Court found this unusual procedure functioned like the normal process, and therefore was of no consequence. *Id.*

denial of which we review de novo when the facts are not disputed. *McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir.2003). Fuller bears the burden of demonstrating that he is entitled to equitable tolling.*Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). We balance the *Dunlap v. United States,* 250 F.3d 1001 (6th Cir.2001), equitable tolling factors: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to Ohio; and (5) Fuller's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008.

As an initial matter, Fuller focuses on his diligence in pursuing Ohio state court relief, not federal habeas relief. His equitable tolling argument fails because he did not provide any reasons for tolling AED-PA.

■ Even if we read Fuller's state arguments as encompassing his federal habeas delay, we would not reverse. Because his attorney's letter clearly warned him of the forty-five day time limit, we focus on Fuller's diligence. *See Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir.2003). Upon his return to Ohio prison, Fuller waited two months to contact the public defender and several years lapsed before the defender actually took up his case and filed the motion for a delayed appeal. Fuller blames the public defender, but an attorney's lack of diligence is not a basis for equitable tolling. *See Allen v. Yukins,* 366 F.3d 396, 403–04 (6th Cir.2004); *Jurado,* 337 F.3d at 643–44. Fuller's reasons are not sufficiently compelling to apply equitable tolling.

**AFFIRMED.**