NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0020n.06
Filed: January 12, 2009

**No. 07–1166**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ALFREDO INGLESIAS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BARRY D. DAVIS, Warden, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: SUHRHEINRICH, BATCHELDER and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Alfredo Inglesias challenges the district court's dismissal of his petition for habeas corpus. Because the district court correctly concluded that his petition is time-barred, we affirm.

I.

In 2001, Inglesias pleaded guilty in Michigan state court to unarmed robbery, home invasion and assault with intent to rob while armed. He was sentenced to serve one year in county jail and 60 months probation, but he violated his probation, and so in January 2002 he was sentenced to serve concurrent terms for the three crimes, creating a new nine-to-twenty-year sentence. He did not pursue any direct appeals from this probation-violation determination (or sentence), and he has acknowledged that it became final, for federal habeas-corpus purposes, on January 24, 2003.

On March 31, 2005, Inglesias filed a state-court motion for relief from the judgment. He lost, and this time he sought leave to appeal, which was denied. After failing to obtain review in the Michigan Supreme Court, he filed a federal habeas petition, *see* 28 U.S.C. § 2254. The magistrate

judge recommended that the court deny the petition as untimely, and the district court adopted the recommendation. *Inglesias v. Davis*, No. 2:06-CV-247, 2007 WL 108303, at *2, 4 (W.D. Mich. Jan. 9, 2007). Inglesias appeals.

## II.

In prior pleadings in this case, Inglesias has admitted that his parole-revocation determination became final on January 24, 2003, and that he did not file his state-court motion for relief from judgment until March 31, 2005. These realities place a serious obstacle in front of his claim, because habeas petitions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Having admitted that more than a year passed between when his probation-violation determination became final and when he filed his state post-conviction petition, Inglesias is barred from seeking federal relief under § 2244(d)(1)(A) unless he can establish an exception to the rule.

Inglesias raises three grounds for overcoming the one-year limitations bar. *First*, he argues that, by denying him his right to appointed counsel in pursuing discretionary appellate review following his guilty plea, *see Halbert v. Michigan*, 545 U.S. 605, 616–17 (2005), the State placed a limitation-tolling "impediment" in the way of his federal habeas petition. *See* § 2244(d)(1)(B). But even if the denial of appointed counsel impeded Inglesias's pursuit of *direct* review, it did not obstruct his quest for *collateral* federal habeas relief—and that is the relevant question. Inglesias has no constitutional right to have the assistance of counsel in bringing a collateral action challenging his conviction, *see Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005), and thus this argument offers no basis for sidestepping the one-year bar.

*Second,* Inglesias argues that the limitations period should be equitably tolled. Although he did not raise this claim below, and although the magistrate judge made no recommendations about it, the district court raised the issue *sua sponte*, concluding that neither Inglesias's difficulties with

the English language nor the lack of counsel supported tolling. *See Inglesias*, 2007 WL 108303, at *3. This legal conclusion warrants a fresh look on appeal. *See Solomon v. United States*, 467 F.3d 928, 932 (6th Cir. 2006).

We grant equitable tolling "sparingly," *id*. at 933, and we do not ordinarily toll the statute absent "compelling equitable considerations" arising "from circumstances beyond [the] litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642–43 (6th Cir. 2003) (internal quotation marks omitted). Five factors guide the inquiry: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) [his] diligence in pursuing [his] rights; (4) [whether there was] prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (internal quotation marks omitted). Inglesias does not claim lack of knowledge or notice, constructive or otherwise, of the filing requirement, and we accept for the sake of argument that the late filing did not prejudice the State. We therefore "focus[] on . . . his diligence in pursuing his rights and the reasonableness of his ignorance of the effect of his delay," *Jurado*, 337 F.3d at 643.

Inglesias insists that he demonstrated diligence by repeatedly requesting transcripts from his state-court proceedings during the twenty-six-month span between the finality of his conviction and his state habeas filing. But given his notice of the need to file promptly, that does not constitute diligence. In the absence of aggravating circumstances "beyond [the petitioner's] control" that frustrated his attempt to file on time, Inglesias cannot establish that he diligently pursued his rights. *Barry v. Mukasey*, 524 F.3d 721, 724 (6th Cir. 2008); *see Keenan v. Bagley*, 400 F.3d 417, 427–28 (6th Cir. 2005).

*Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006), illustrates the point. In accepting the claimant's equitable-tolling argument, the court noted that the petitioner had made "request[s] for transcripts" but did not rest its decision on that ground. *Id.* at 931. The court noted that Solomon had "worked day and night studying and preparing his [section] 2255 [petition]" but was prevented from filing on time because of a number of adverse circumstances: Besides lack of access to the trial transcript, he had restricted access to the prison's law library, and he was transferred to another penal institution without his legal materials shortly before the end of the limitations period. *Id.* at 933–35. Not only was the petitioner thus making every effort to file on time, but the prison transfer—an external circumstance—also *prevented* him from filing on time. Inglesias has not made an equivalent showing—indeed, he has not even shown that his pursuit of the transcripts delayed his submission, which ultimately was filed without any such attachments. The relevant rules, notably, allow petitions to be filed without such transcripts attached. *See* Rules Governing § 2254 Cases, at R. 2, 5.

Inglesias argues that we should view his circumstances differently because English is not his first language and he lacks a formal education. But "[w]here a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A "poor education" likewise normally will not excuse a dilatory filing. *Id.*

*Third*, Inglesias suggests without elaboration that his petition was timely because his conviction did not occur until later—perhaps as late as January 24, 2004, which would make his habeas petition timely. His intimations on this point, however, are terminally Janus-faced. On the one hand, consistent with everything we have said so far, Inglesias's petition stated that his probation-violation "conviction" occurred on January 24, 2002, Pet. at 1, and he quoted the state-

court trial judge to that effect: "On January 24, 2002 after protracted proceedings, this court found the defendant guilty of a probation violation." Grounds in Supp. of Pet. at ii. But, on the other hand, in his objections to the magistrate judge's recommendation, he seemed to present a different picture, one not only inconsistent with his petition but also seemingly inconsistent with itself. There, he said that his "conviction became final on January 24, 2003," which would be one year after the probation revocation date he provided in his petition, and suggested a still-later date for the revocation as well—that he was "found guilty of [a] probation violation on January 24, 2004." Objs. at 1, 3. He then repeats this inconsistent claim in his appellate briefing without offering any explanation why.

Perhaps Inglesias, an indigent petitioner who is not represented by an attorney, has confused the date when his original conviction became final with the date when his probation revocation became final—that he means to say that January 24, 2002, was the date of his initial conviction, while January 24, 2004, was the date of his revocation. But that does not make sense because he consistently has maintained that his original conviction occurred in May 2001. Or perhaps the unelaborated January 24, 2004 reference is simply a typo. Either way, the salient point is that these unelaborated statements provide no basis for ignoring the state-court finding, which consistently has been described as establishing that the revocation determination occurred "[o]n January 24, 2002." Grounds at ii; Br. at 10, 17.

AEDPA requires us to presume that state-court factual findings are correct and permits claimants to rebut a finding by introducing "clear and convincing evidence" that the state court erred. 28 U.S.C. § 2254(e)(1); *see Clark v. Waller*, 490 F.3d 551, 554 (6th Cir. 2007). Inglesias's naked (and inconsistent and unexplained) assertion in his brief that he was "found guilty of [a] probation violation on January 24, 2004" does not constitute "clear and convincing evidence" that the state court erred about the revocation date. He never addresses the inconsistency between this new assertion and the claims in his petition, all of which describe a revocation proceeding that begins in

September 2001 and ends in January 2002. And the argument is not supported by "evidence." Unlike his habeas petition, his objections to the magistrate's recommendation in his brief were not "declare[d] under penalty of perjury" or otherwise attested to, Pet. at 7, and mere allegations do not constitute "evidence" until they are sworn or otherwise verified, *see Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). Inglesias thus has failed to rebut the presumption that his conviction became final in January 2003, which as we have shown makes his petition untimely.

III.

For these reasons, we affirm.