NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0250n.06

Case No. 20-4016

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

WILLIAM NITCH,

      Plaintiff-Appellant,

v.

EASTERN GATEWAY COMMUNITY
COLLEGE,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 21, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

**OPINION**

BEFORE: COLE, BUSH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Dr. William Nitch claims that Eastern Gateway Community College (EGCC) discriminated against him because of his age. But this appeal is not about age discrimination; it's about timing. Because Nitch's complaint was untimely, he cannot pursue his argument in federal court at all, so we affirm the district court's dismissal.

In May 2018, Nitch received a right-to-sue notice from the Equal Employment Opportunity Commission. He promptly sued EGCC in federal district court within 90 days as required by 29 U.S.C. § 626(e). He contends (and EGCC doesn't seem to dispute) that EGCC dragged its heels in discovery. But instead of pursuing a tailored remedy for EGCC's conduct, he decided it was in his best interest to dismiss the case without prejudice and seek to refile later. He communicated his intent to EGCC, and the parties filed a stipulation of dismissal without prejudice in June 2019.

He refiled in October 2019. And EGCC moved to dismiss, arguing that Nitch's case was barred by the ADEA's 90-day statute of limitation. The district court dismissed his untimely claim because he brought the second iteration of his lawsuit outside the 90-day window.

Nitch argues that the dismissal was inappropriate because 1) the court should have equitably tolled the limitations period, 2) a contract implied in law between the parties tolled the limitations period, and 3) a three-year limitations period should apply. We reject each argument in turn.

First, the district court did not err in refusing to equitably toll the limitations period. In appropriate circumstances a federal court may equitably toll a limitations period. But equitable tolling is not an easy "escape valve." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (citation omitted). "[E]quitable tolling relief should be granted only sparingly." *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). And we typically do so only when a plaintiff shows that her "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [her] control." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (citation omitted). "[M]ost cases in which equitable tolling relief is granted" involve an opposing party "engag[ing] in . . . misrepresentations or other wrongdoing that cause[] [a plaintiff] to miss his filing deadline." *Amini*, 259 F.3d at 501.

Our court usually looks to five factors when deciding whether to equitably toll a limitations period: "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Zappone*, 870 F.3d at 556 (citation

omitted). But we have also noted that "the five factors are neither comprehensive nor material in all cases." *Id.*

On top of these factors, caselaw provides several guideposts in equitable tolling cases. First, "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period." *Wilson*, 815 F.2d at 28 (Title VII case). Second, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted). And third, "a lawyer's mistake is not" "[g]enerally" "a valid basis for equitable tolling." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (citation omitted). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" on a lawyer's part. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990). And "fail[ing] to file [a client's] petition on time" or being "unaware of the date on which the limitations period expired" are "two facts that, alone, might suggest simple negligence." *Holland v. Fla.*, 560 U.S. 631, 652 (2010). "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit . . . ." *Jurado*, 337 F.3d at 644-45 (citation omitted).

Nitch argues that equitable tolling is appropriate for two reasons. His attorney was operating under the incorrect assumption that the Ohio Savings Statute applied and would allow Nitch to refile within a year. And EGCC acted affirmatively to impede Nitch's initial lawsuit in questionable ways by dillydallying in discovery.

Neither of these arguments shows error on the part of the district judge. This is plain and simple an attorney mistake case. And neither "a lawyer's mistake," *Jurado*, 337 F.3d at 644 (citation omitted), nor "ignorance of the law . . . warrant[s] equitable tolling," *Graham-Humphreys*, 209 F.3d at 561 (citation omitted). That Nitch filed previously and sought voluntary dismissal also does not aid his cause even if EGCC was dilatory in the previous round of litigation. Simply stated,

"[t]he filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period." *Wilson*, 815 F.2d at 28. And even if EGCC's conduct during discovery made Nitch feel like dismissal and refiling was his best option, Nitch hasn't shown that EGCC did anything to induce his mistaken belief that the Ohio Savings Statute would apply. So his case is unlike cases "in which equitable tolling relief is granted" because an opposing party "engaged in . . . misrepresentations or other wrongdoing [and] caused [a plaintiff] to miss his filing deadline." *Amini*, 259 F.3d at 501. Nitch cannot sidestep this authority. The district court did not err.[1]

Second, Nitch failed to raise his contract-implied-in-law argument below, so we decline to address its merits. The general rule in this court is that an argument not properly presented in district court is unpreserved for appeal. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). This rule both "eases appellate review" and "ensures fairness to litigants by preventing surprise issues from appearing on appeal." *Id.* And while we may review unpreserved issues, "[w]e . . . rarely exercise[] such discretion." *Id.* We see no reason to depart from our general rule here. Nitch "had ample opportunity to raise the issue to the district court," and by failing to do so, he forfeited this argument. *Id.* at 553.

Third, the district court was correct to reject Nitch's three-year-limitations argument in ruling his complaint was untimely. Nitch argues that his claims under the Age Discrimination in Employment Act (ADEA) are subject to the three-year statute of limitations in 29 U.S.C. § 255, a provision of the Fair Labor Standards Act (FLSA). He bases this argument on an ADEA provision that says "[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in" various FLSA provisions. 29 U.S.C. § 626(b).

---

[1] We are mindful that parties should not be rewarded for their misconduct during discovery. But the Federal Rules provide district courts with the tools to address those issues. *See, e.g.*, Fed. R. Civ. P. 37.  It is up to the parties, however, to invoke those remedies. *See id.* at 37(3)(A)-(B).

His argument tries to muddy a clear statutory scheme. For starters, the ADEA provision referencing the FLSA provisions does not refer to 29 U.S.C. § 255—the statute that sets the statute of limitations for FLSA actions. The FLSA statute of limitations, moreover, only covers specific actions: "any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act." 29 U.S.C. § 255. Nitch's action—an ADEA discrimination claim—is not on the list.

Even more problematic for Nitch's argument, the ADEA has its own limitations provision that covers his case. The ADEA limitations scheme creates a hard start and stop for civil actions. Under the ADEA limitations scheme, "[n]o civil action may be commenced . . . until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). So after sixty days, a person is given the green light to bring a civil action, even if the EEOC has not issued a decision. But once that person receives notice that the EEOC has terminated or dismissed the charge, he is on the clock. If that happens, "[a] civil action may be brought . . . against the respondent named in the charge within 90 days." *Id.* § 626(e). After 90 days, the light turns red—the action is time barred. *See Thompson v. Fresh Prod., LLC*, 985 F.3d 509, 521 (6th Cir. 2021) ("[I]f she waits for a right-to-sue letter, [a person] must bring such an action within 90 days of receiving it . . . .").

Nitch filed his initial complaint within the 90-day window. But the complaint that matters is the second one. And he filed that one following voluntary dismissal far outside that window. His claims are barred.

We **AFFIRM**.

5