**Joseph ELLIOTT, Petitioner–Appellant,**

v.

**Don DEWITT, Respondent–Appellee.**

No. 00–3329.

United States Court of Appeals, Sixth Circuit.

May 8, 2001.

**312**

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

### ORDER

Joseph Elliott, an Ohio prisoner proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. The district court granted Elliott a partial certificate of appealability. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, a jury convicted Elliott of two counts of rape and two counts of burglary. He was sentenced to consecutive terms of eight to twenty-five years of imprisonment. The Ohio Court of Appeals affirmed the convictions and sentences in December

1996. Elliott filed an unsuccessful petition for post-conviction relief in November 1996. The court of appeals dismissed his appeal from that action in May 1997. Elliott filed a motion for post-trial DNA testing in the trial court in March 1997, and filed a motion in the Ohio Supreme Court to reopen his direct appeal in September 1999. He filed his present petition in June 1999, raising four claims. The district court held that Elliott's first three claims were barred by the one-year statute of limitations, *see* 28 U.S.C. § 2244(d)(1), and that the record refuted the fourth claim. The district court denied the petition but granted a certificate of appealability on the issue of the statute of limitations.

In his timely appeal, Elliott restates the claims from his petition and argues that the DNA test shows that he is actually innocent of the crimes for which he was convicted.

■ When reviewing a district court's disposition of a petition for a writ of habeas corpus, this court reviews the district court's findings of fact for clear error and its conclusions of law de novo. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

■ Upon review, we conclude that the district court properly held that Elliott's petition was barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to this case because Elliott filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. *See Lindh v. Murphy,* 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins,* 199 F.3d 867, 871 (6th Cir.1999), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000). The AEDPA con-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

tains a one year statute of limitations. 28 U.S.C. § 2244(d)(1). Elliott's conviction became final in February 1997, when time expired for him to seek further direct review under Ohio law. *See* Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio; 28 U.S.C. § 2244(d)(1)(A); *Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir.1999), *cert. denied,* 530 U.S. 1210, 120 S.Ct. 2211, 147 L.Ed.2d 244 (2000). Elliott's post-conviction petition, filed in November 1996, tolled the statute of limitations until his appeal in that action was dismissed on May 27, 1997. *See* § 2244(d)(2). Thus, his June 1999 federal habeas petition was more than one year late.

None of Elliott's other state court challenges to his conviction render his federal habeas petition timely. Elliott's March 1997 motion for DNA testing did not toll the statute of limitations because it did not address any of the grounds of his federal habeas petition in question. *See Austin,* 200 F.3d at 394–95. Elliott's September 1999 motion to reopen his direct appeal, filed after the statute of limitations had run, cannot save Elliott's habeas petition either. Even if that motion were considered part of Elliott's direct appeal under § 2244(d)(1)(A), *see Bronaugh v. Ohio,* 235 F.3d 280, 286 (6th Cir.2000), the statute of limitations could be tolled only for the three months during which Elliott's motion was pending. Elliott's petition was more than a year late.

We also conclude that the district court did not abuse its discretion when the court declined to equitably toll the statute of limitations. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998). Elliott alleged that neither the clerk of the Ohio Court of Appeals nor his attorney notified

him of the court's decision to affirm his convictions in time for him to appeal to the Ohio Supreme Court. However, the court of appeals' docket sheet indicates that the decision was sent to all parties of record, including Elliott's counsel. Moreover, an attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999). Finally, Elliott failed to monitor the status of his appeal and diligently pursue § 2254 relief. *See Coleman,* 184 F.3d at 403; *Miller,* 141 F.3d at 978. Accordingly, equitable tolling was not appropriate.

Elliott's reliance on actual innocence as an exception to the AEDPA's statute of limitations is misplaced. Whether or not there is such an exception, Elliott did not raise his DNA claim in his federal habeas petition and therefore cannot rely on it as a way around the statute of limitations. *See Austin,* 200 F.3d at 394. On appeal, Elliott has submitted copies of a DNA test. These documents are not part of the district court record and cannot be considered by this court on appeal. *See* Fed. R.App. P. 10(a); *United States v. Bonds,* 12 F.3d 540, 552 (6th Cir.1993). In any event, the DNA test did not establish Elliott's innocence in light of the other evidence linking him to the crime.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.