**Roberto Becerra GARZA,
Petitioner–Appellant,**

v.

**Susan YEARWOOD, Respondent–
Appellee.**

No. 99–16734.

D.C. No. CV–98–01354–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2001 [1].

Decided Nov. 2, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, CANBY and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

Appellant Robert Becerra Garza ("Garza") appeals the district court's denial of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Garza's habeas petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we reverse and remand for further proceedings.

Garza contends that the statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), was tolled because (1) he reasonably relied on his counsel to file a timely habeas petition on his behalf; (2) he was denied access to the prison law library; and (3) he was separated from his personal legal materials. He argues that the district court erred by concluding that the facts alleged in his declaration did not constitute "extraordinary circumstances" justifying his delay in filing.

Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles*, 187 F.3d at 1107 (internal citations omitted). *See also Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir.2001). Statutory tolling is available until an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

from filing by such state action." 28 U.S.C. § 2244(d)(1)(B). After the district court's decision was rendered, we emphasized in *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc), that "determination of whether there was an 'impediment' under § 2244(d)(1)(B) and whether there are grounds for equitable tolling are highly fact-dependent."

Because the State apparently was not asked to respond to Garza's declaration and the district court did not hold an evidentiary hearing, the record in this case is inadequate to determine whether Garza's petition is timely. It cannot be said that there are "no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Whalem/Hunt*, 233 F.3d at 1148. Because "the district court is in a better position to develop the facts and assess their legal significance in the first instance," *id.*, we REVERSE and REMAND to the district court for appropriate development of the record and a new judgment thereon.

REVERSED and REMANDED.

---

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.