**Patrick MILLER, Petitioner–Appellant,**

v.

**John CASON, Warden, Respondent–Appellee.**

**No. 02–1412.**

United States Court of Appeals,
Sixth Circuit.

Sept. 27, 2002.

Before KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.*

Patrick Miller, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 9, 1993, Miller was convicted at a bench trial of two counts of armed robbery and two counts of felony firearm. He then pleaded guilty to being a third habitual offender and was sentenced to 20 to 40 years, as well as an additional 2 years for the firearm offenses. On February 13, 1995, the Michigan Court of Appeals denied his application for a delayed appeal for lack of merit, and Miller did not file an appeal with the Michigan Supreme Court. From October 23, 1998, until February 26, 2001, Miller unsuccessfully sought post-conviction relief in state court.

In his federal habeas corpus petition dated May 6, 2001, Miller asserted that: 1) he was denied his right to appeal; 2) the court violated his right to a fair trial by not giving reasons for denying his motion for a directed verdict; 3) trial counsel rendered ineffective assistance; and 4) appellate counsel rendered ineffective assistance. The district court dismissed the petition as untimely, but granted a certificate of appealability.

Miller's timely brief is liberally construed as asserting that the habeas corpus petition was timely.

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea,* 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed the action as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified at 28 U.S.C. § 2244(d), establishes a one-year period of limitation for a state prisoner to file a federal habeas corpus petition. The limitations period generally runs from the latest of the conclusion of direct review, the removal of a state-created impediment which had illegally prevented the filing of a petition, a new constitutional right made retroactively available by the Supreme Court, or the discovery of new evidence. *See* 28 U.S.C. § 2244(d). Additionally, a state prisoner who was convicted before the enactment of AEDPA on April 24, 1996, has one year from that date to file a federal habeas corpus petition. *See Isham v. Randle,* 226 F.3d 691, 693 (6th Cir.2000). The limitations period is subject to tolling during the pendency of a properly filed state post-conviction application, as well as for equitable reasons. *See Dunlap v. United States,* 250 F.3d 1001, 1004–07 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001); *Isham,* 226 F.3d at 693. However, "any lapse of time before a state application is properly filed will be counted against the one-year limitations period." *Bennett v. Artuz,* 199 F.3d 116, 122 (2d Cir.1999), *aff'd,* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Miller, whose convictions predated the enactment of AEDPA, did not file his federal habeas corpus petition until 2001, well after the one-year grace period had expired on April 24, 1997. Because the limitations period had already expired, his state motion for relief from judgment, filed in 1998, could not toll the limitations period. *See Artuz,* 199 F.3d at 122.

The limitations period likewise was not tolled by any state-created impediment. Miller alleged that the State of Michigan impeded the filing of his federal habeas corpus petition by failing to give him notice of his appeal rights at sentencing, by not timely appointing counsel to perfect a belated appeal, by delaying the preparation of the trial transcripts for an unspecified amount of time, and by not granting him due process during his direct appeal. Although these alleged actions may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001.

The limitations period also was not tolled by the doctrine of equitable tolling. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap,* 250 F.3d at 1008. Equitable tolling is not appropriate in the instant case because Miller failed to demonstrate diligence in pursuing his rights; he did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court. Additionally, Miller's lack of knowledge of

the law does not excuse his failure to timely file a habeas corpus petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir.1999); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.