**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0853n.06
Filed: October 18, 2005

No. 04-3944

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GERALD MARTIN,                          )
                                        )
    **Petitioner-Appellant,**            )          **ON APPEAL** FROM THE
                                        )          UNITED STATES DISTRICT
v.                                      )          COURT FOR THE SOUTHERN
                                        )          DISTRICT OF OHIO
PAT HURLEY, Warden,                     )
                                        )          **O P I N I O N**
    **Respondent-Appellee.**            )
_____  )

**Before: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Petitioner-Appellant Gerald Martin ("Martin") appeals the district court's denial of his petition for a writ of habeas corpus on the basis that the petition was filed after the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations had run. Martin concedes that his petition was filed late, but he argues that the statute of limitations should be equitably tolled in order to allow his claim to go forward. We **AFFIRM** the district court's judgment dismissing the petition.

## I. BACKGROUND

On the evening of June 30, 1992, Gerald Martin and his codefendants fired shots into John H. Smith, Jr.'s ("Smith") vehicle, killing Smith. Martin was indicted for aggravated murder with a firearm specification on August 31, 1992. Martin claimed that he and his codefendants believed that someone else was in the car at the time and that he did not intend to kill Smith, and the State

accordingly relied on the doctrine of transferred intent in its case against Martin. After a jury trial, the Hamilton County Court of Common Pleas entered a sentence of life in prison plus three years. Martin duly appealed the conviction, which was affirmed on August 24, 1994, by the state court of appeals. Martin did not appeal this decision to the Ohio Supreme Court. Almost three years later, in April 1997, Martin filed a pro se petition for postconviction relief on the basis of ineffective assistance of counsel at trial. In his ineffectiveness claim, Martin argued that his lawyer did not explain that the doctrine of transferred intent cannot be used in the context of aggravated murder and he was thus effectively without representation at his trial.[1] This petition was denied, and after Martin's subsequent appeal, the state court of appeals affirmed the trial court. Again, Martin did not appeal this decision to the Ohio Supreme Court.

---

[1]Specifically, Martin argued that an amendment to § 2903.01 of the Ohio Revised Code that was in effect at the time of his trial should have precluded the use of the transferred-intent doctrine in his case. The amendment at issue is § 2903.01(D), which states:

> No person shall be convicted of aggravated murder unless he is specifically found to have intended to cause the death of another. In no case shall a jury in an aggravated murder case be instructed in such manner that it may believe that a person who commits or attempts to commit any offense listed in division (B) of this section [felony murder provision] is to be conclusively inferred, because he engaged in a common design with others to commit the offense by force and violence or because the offense and the manner of its commission would be likely to produce death, to have intended to cause the death of any person who is killed during the commission of, attempt to commit, or flight from the commission of or attempt to commit, the offense. . . .

This section was effective until July 1, 1996. Martin was convicted under Section 2903.01(A), which states, "No person shall purposely, and with prior calculation and design, cause the death of another."

2

In July 2001, Martin filed a pro se Rule 26(B) application to reopen the appeal.[2] The state court of appeals denied the motion because it was filed after Rule 26(B)'s ninety-day time limitation had expired. Martin hired Clyde Bennett II ("Bennett") to represent him at some point prior to November 2001, at which time Bennett filed a memorandum with the Ohio Supreme Court asking it to find proper jurisdiction over Martin's Rule 26(B) application. Bennett argued that Martin's prior counsel failed to inform Martin as to his rights pursuant to Rule 26(B). The state supreme court dismissed the appeal for failure to raise a substantial constitutional question.

Martin hired new counsel, who assisted him in filing a petition for habeas relief with the federal district court on January 15, 2003. The memorandum submitted in support of the petition argued that Martin's counsel was ineffective during his direct criminal appeal, that Martin is actually innocent of the crime of aggravated murder, and that he is entitled to an evidentiary hearing. In March 2004, the magistrate judge assigned to this case filed a report stating that at the latest the AEDPA statute of limitations began running on April 10, 2000, and the time to file an appeal thus expired on April 10, 2001. As Martin's petition was filed almost two years after the statute of limitations had run, the magistrate judge recommended that the petition be dismissed. The magistrate judge also rejected Martin's equitable-tolling and actual-innocence arguments. On June 30, 2004, the district court issued an order adopting the magistrate judge's recommendations.

---

[2]Ohio Rule of Appellate Procedure 26(B)(1) states as follows:
A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

At oral argument, Martin's counsel conceded that our decision in *Richey v. Mitchell*, 395 F.3d 660 (6th Cir. 2005), was dispositive of the actual-innocence claim.[3] Therefore, the only remaining issue to be decided by this court is whether to apply the doctrine of equitable tolling.

## II. ANALYSIS

### A. Standard of Review

When there are no issues of fact to be determined, we review de novo a district court's determination that equitable tolling does not apply. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004).

### B. Equitable Tolling

Martin argues that we should apply the doctrine of equitable tolling to the period of time that he was represented by Bennett and Bennett apparently did not advise him to file a federal habeas petition. Martin bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). In determining whether to apply the doctrine, we consider the following factors:

---

[3]In *Richey*, we held that "subsection D could not be read to vitiate the incorporation of transferred intent in subsection A." *Richey*, 395 F.3d at 675; *see also State v. Sowell*, 530 N.E.2d 1294, 1304 (Ohio 1988) ("[W]e hold that if one purposely causes the death of another and the death is the result of a scheme designed to implement the calculated decision to kill someone other than the victim, the offender is guilty of aggravated murder in violation of R.C. 2903.01(A)." (citing *State v. Solomon*, 421 N.E.2d 139, 142 (Ohio 1981) (internal quotations omitted))); *State v. Moorehead*, No. 95APA09-1116, 1996 WL 239643, at *4 (Ohio Ct. App. May 9, 1996) (finding the doctrine of transferred intent to be "particularly applicable" in a case of aggravated murder).

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Martin first argues that this court should equitably toll his habeas claim because of Bennett's failure to advise him of the deadline. However, attorney error is an inadequate justification for equitable tolling in this circuit. *See Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003) ("Generally, 'a lawyer's mistake is not a valid basis for equitable tolling.'" (quoting *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002))); *see also Colwell v. Tanner*, 79 F. App'x 89, 92-93 (6th Cir. 2003) (holding that an attorney's "unwise" choice to file a habeas petition late was "not grounds for tolling the statutorily mandated one-year limitations period"), *cert. denied*, 541 U.S. 974 (2004); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

Martin also claimed that he was unaware of the AEDPA statute of limitations. However, in a case presenting similar issues to this one, we held as follows:

Because of . . . AEDPA's clear provisions regarding the statute of limitations, Allen cannot claim a lack of constructive knowledge regarding the filing deadline. Even if Allen lacked actual knowledge of the relevant provisions of AEDPA, this court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." We therefore conclude that Allen's purported lack of actual or constructive knowledge does not make equitable tolling appropriate.

5

*Allen*, 366 F.3d at 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). According to this precedent, Martin's lack of knowledge of the filing deadline is an unpersuasive factor in determining whether to allow equitable tolling.

Finally, Martin argues that he diligently attempted to pursue his claims. He explains that he did not know about the transferred-intent argument for some time and that Bennett's failure to file the Rule 26(B) claim meant that he had to file it himself. However, Martin has offered no reason for the delay in bringing his habeas petition: even if he still had time remaining after the Rule 26(B) appeal was denied, almost a full year passed after the denial of that appeal and before the habeas petition was filed. The length of time that passed and the lack of a reason for the delay undermine Martin's claim that he acted diligently. *See, e.g.*, *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (holding that the petitioner "point[ed] to no diligent effort" and the eleven-month extra delay was not justified); *see also Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (noting that the petitioner "did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court"); *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (noting that the petitioner "offers no explanation for his failure to file during this period").

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's judgment.