**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  15a0577n.06**

No. 14-2629

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 14, 2015
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
| DWIGHT TAYLOR, | ) | ON APPEAL FROM |
|  | ) | THE UNITED STATES DISTRICT |
| Petitioner-Appellant, | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF MICHIGAN |
| V. | ) |  |
|  | ) |  |
| CARMEN PALMER, | ) |  |
|  | ) | **OPINION** |
| Respondent-Appellee. | ) |  |
|  | ) |  |
|  | ) |  |

Before:  SUHRHEINRICH and MOORE, Circuit Judges; VAN TATENHOVE, District
Judge.[*]

**GREGORY F. VAN TATENHOVE, District Judge.**    This case is about timing.

Dwight Taylor appeals from the district court's denial of his petition for a writ of habeas corpus

on the basis that his petition was filed after the one-year statute of limitations period mandated

by 28 U.S.C. § 2244(d)(1).  Taylor concedes that his petition was filed late as calculated by the

district court.  Nevertheless, he argues that the district court should have tolled the one-year

statute of limitations on statutory grounds involving Michigan's procedural rules for filing state

court appeals, and also on equitable grounds because his attorney miscalculated the filing

deadline.  Because neither statutory nor equitable tolling are appropriate here, we AFFIRM the

district court's dismissal of the petition.

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky,
sitting by designation.

**I**

In the spring of 2008, Taylor was convicted by a jury of first-degree criminal sexual conduct based on the sexual assault of his ten-year-old daughter, and was sentenced to 25 to 50 years imprisonment. *See People v. Taylor*, No. 298183, 2011 WL 4424353, *1 (Mich. Ct. App. Sept. 22, 2011). The parties do not dispute the procedural timeline following the trial. Following his conviction and sentence, Taylor filed a direct appeal to the Michigan Court of Appeals, which analyzed and affirmed his conviction in a detailed opinion. *Id.* The Michigan Supreme Court then denied Taylor's application for leave to appeal on March 21, 2012. *People v. Taylor*, 491 Mich. 870 (2012). A year later on March 22, 2013, Taylor's new attorney, Nicole Childers, filed a post-judgment petition for collateral relief by filing a motion for relief from judgment in the state trial court. On October 24, 2013, the trial court denied Taylor's motion for post-judgment relief. No appeal of this denial followed.

Childers then advised Taylor by letter that he had one year after the trial court's denial of his motion for post-judgment relief in which to file his federal habeas petition. In January 2014, Taylor's mother forwarded Childers an e-mail from Taylor saying that his own legal research suggested that he should first appeal the denial of his motion for post-judgment relief before filing a federal habeas petition, and that seeking such an appeal would stop the period of limitations while he pursued it. Childers responded by incorrectly reiterating that the deadline for filing his habeas petition was October 24, 2014. Despite Taylor's concerns, he chose not to appeal the denial of his motion for post-judgment relief. Instead, he retained new counsel on October 23, 2014, the day before he thought the statute of limitations would expire. His new counsel drafted the habeas petition at issue and filed it the next day, October 24, in federal

2

district court. The petition concedes it was untimely filed, but argues the time period should be tolled due to Childers' incorrect calculation.

After considering his arguments about equitable tolling, the district court dismissed Taylor's petition as untimely, and granted a certificate of appealability ("COA") on the issue of equitable tolling as well as on the question of whether Taylor was entitled to tolling during the period of time in which he could have, but did not, appeal the denial of his motion for post-judgment relief. *Taylor v. Palmer*, No. 14-CV-14107, 2014 WL 6669474, *4-5 (E.D. Mich. Nov. 24, 2014). Taylor timely filed a notice of appeal, and this Court has jurisdiction to hear that appeal on the issues raised by the COA under 28 U.S.C. § 2253(c).

## II

### A

Generally, this Court reviews a district court's decision in a habeas corpus petition de novo. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). We review any factual findings for clear error, but we review de novo the dismissal of a habeas petition as untimely. *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002), *cert. denied*, 537 U.S. 1091 (2002). We also review de novo the decision of a district court not to apply the doctrine of equitable tolling when the facts are not in dispute or when there are no grounds available to justify its application. *Dunlap v. United States*, 250 F.3d 1001, 1007-08 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (2001).

The timeliness of a habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins to run from the latest of four

circumstances. *Id*. The applicable circumstance to Taylor's case is the first one – "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] This limitation period, however, is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). If the statute of limitations is statutorily or equitably tolled in certain situations, such tolling will simply stop the clock from running during a period of time but will not expand the overall limitation period. *Colwell v. Tanner*, 79 F. App'x 89, 91 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 651 (6th Cir. 2002)).

**B**

After Taylor appealed his conviction to the Michigan Court of Appeals, the Michigan Supreme Court denied his application for leave to appeal on March 21, 2012, thus concluding direct review of Taylor's claim. *See* 28 U.S.C. §2244(d)(1)(A). The parties do not dispute that under the second clause in § 2244(d)(1), Taylor then had ninety days in which to seek certiorari with the United States Supreme Court before the statutory period began. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012) (explaining that judgment becomes final for purposes of AEDPA when the time for filing a certiorari petition for direct review of a conviction expires, even if petitioner does not actually file). Thus, Taylor's judgment became final on June 19, 2012, when the time for seeking certiorari expired, and the one-year statute of limitations under AEDPA began to run on June 20, 2012.[2] The parties further agree that under § 2244(d)(2), the AEDPA

---

[1] Taylor does not argue that any of the other three circumstances in § 2244(d)(1)(B), (C), or (D) apply.

[2] This calculation is based on the application of Federal Rule of Civil Procedure 6(a)'s standards for computing periods of time such that when the last day of a designated time period ends, the next applicable time period does not begin to run until the following day. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (collecting cases applying Rule 6(a) in finding that § 2244(d)(1)(A)'s statute of limitations begins to run on the day after the time period for seeking direct review in the United States Supreme Court expires).

clock stopped running 275 days later on March 22, 2013, when Taylor filed his post-conviction motion for collateral relief with the state trial court, at which point Taylor had approximately ninety days remaining under the AEDPA limitations period in which to file his habeas petition. The parties also do not dispute that under § 2244(d)(2), the statutory period was tolled between March 22 and October 24, when the trial court issued its denial of Taylor's motion. Taylor further concedes that he chose not to appeal that denial and instead began discussions with his counsel about filing a habeas petition in federal court. What is disputed is whether the time in which Taylor could have filed an appeal of the denial of his motion for post-conviction collateral relief with the state appellate court should be considered "pending" for purposes of further tolling the limitation period under § 2244(d)(2).

Although Taylor did not present an argument concerning statutory tolling to the district court in his original petition, the court considered the issue for the sake of completeness and specifically certified it for appeal.[3] Now, on appeal, Taylor contends that the statute of limitations should be tolled under § 2244(d)(2) during the period of time in which he could have appealed the trial court's order denying him post-conviction relief, even though he never attempted to appeal that decision. The issue arises from the language in 28 U.S.C. § 2244(d)(2), which states that "[t]he time during which *a properly filed application* for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." § 2244(d)(2) (emphasis added). As the district court in Taylor's case acknowledged, *see Taylor*, 2014 WL 6669474, at *3, some

---

[3] Taylor presented only equitable tolling arguments to the district court, and in doing so even conceded that his habeas deadline would have been approximately January 21, 2014, "unless a state court appeal is filed, which it was not." District courts, however, are permitted to consider the timeliness of a prisoner's habeas petition *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 209 (2006). Because "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face," it is appropriate to consider all aspects of the threshold question of whether a petition complies with the statute of limitations. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254, Rule 4).

other circuits appear to interpret this subsection in a way that allows tolling of the limitation period for the time in which a petitioner could seek post-conviction review for purposes of § 2244(d)(2) regardless of whether such review is actually sought. *See, e.g., Cramer v. Sec'y, Dept. of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006) (finding that a claim remains pending until the time to seek review expires regardless of whether the inmate actually files a notice of appeal). The United States Supreme Court, however, has brought further clarity to this issue in recent years in *Carey v. Saffold*, 536 U.S. 214 (2002) and *Evans v. Chavis*, 546 U.S. 189 (2006). The district court relied upon those cases in interpreting the statutory term of "pending" for purposes of § 2244(d)(2), and noted that in light of Supreme Court precedent, it appeared that tolling was not available for the time in which Taylor failed to seek any review of his post-conviction motion for relief. *Taylor*, 2014 WL 6669474, at *3.

We need not wade into this issue here, however, because even if Taylor had established that he is entitled to statutory tolling for the time in which he could have, but chose not to appeal the denial of his motion for post-judgment relief, his habeas petition would still be untimely. Under Michigan Court Rules, if an appellant fails to file a notice of appeal within twenty-one days after entry of judgment, he has six months from entry of judgment within which to file an application for leave to file a late appeal and explain the reasons for the delay. Mich. Ct. R. 7.205(A), (G). Therefore, even if Taylor were entitled to statutory tolling for those six months, the deadline for his petition would have been approximately July 24, 2014, thus making his petition filed on October 24, 2014, untimely.

Here on appeal, Taylor argues for the first time that the limitation period should be tolled for the one-year period for filing late appeals that was in place at the time of his conviction in 2010 instead of the six-month period that has been applicable since 2011. While procedural

rules generally have only prospective effect, *see In re Donovan's Estate*, 253 N.W. 552, 553-54 (Mich. 1934), applying the six-month deadline to Taylor's case does not apply a new rule retroactively but is simply the proper application of a *post-conviction* procedural rule that was in place at the time he filed his motion. The Michigan Supreme Court addressed almost the same issue in *People v. Jackson*, 633 N.W. 2d 825 (Mich. 2001), in which the court held that the rules governing procedures for post-appeal relief in Mich. Ct. R. 6.500 *et seq.* "do apply to convictions before the effective date of the rule and that there is no constitutional impediment to doing so." *Id*. at 826. Once judgment becomes final the defendant has no due process right to further collateral review, and therefore "there is no due process impediment to subjecting [him] to the new subchapter 6.500 procedure" in place at the time he attempted to appeal. *Id*. at 833. Moreover, "applying a statute to a pleading that was filed after the statute's effective date is not really a 'retroactive' application in the classic sense." *Id*. Taylor sought post-judgment relief over two years after the change to the deadline took effect, and therefore the six-month deadline in effect at that time should apply.

C

Taylor's primary contention, and indeed his only contention at the district court level, is that he is entitled to equitable tolling of the statute of limitations because his attorney incorrectly calculated the deadline for filing his federal habeas petition. Even when a habeas petition is untimely, the doctrine of equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010). This doctrine, however, is to be used "sparingly" by federal courts, and the burden is on the movant to prove its applicability. *Id*. at 784; *Vroman v. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003).

According to a two-part test set forth by the Supreme Court, "which has become the law of this circuit," a habeas petitioner is entitled to equitable tolling only if he demonstrates (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). In doing so, "the party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784 (citing *Griffin*, 308 F.3d at 653). Absent such a showing on the part of the petitioner, "a court should not extend limitations by even a single day." *Jurado v. Burt,* 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Here, the district court applied the correct standard as set forth by the Supreme Court in *Holland v. Florida* and found that Taylor did not meet either of the factors required. First, Taylor must show "reasonable diligence" in pursuing his rights. *Holland*, 560 U.S. at 653. Taylor, however, has not shown any diligence in pursuing his rights. In fact, Taylor has given no reason at all for the delay in filing his habeas petition except to say that he relied on his attorney's incorrect advice concerning the deadline. Even if the delay were caused by the mistaken belief that his habeas petition was due by October 24, 2014, such a mistake would not be a basis for tolling the statute of limitations. *See Lawrence v. Florida,* 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Davidson v. United States*, 2013 WL 2635468, at *2 (E.D. Tenn. June 12, 2013) ("It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).

The petitioner in *Holland* showed reasonable diligence by writing numerous letters to his counsel seeking information and emphasizing the importance of filing his habeas petition within the deadline; he continually contacted counsel identifying the applicable rules governing the proper filing date; he repeatedly contacted the court and the bar association in an attempt to remove his attorney from his case; and when his counsel failed to communicate with him despite such attempts the petitioner filed his own habeas petition *pro se* on the same day he found out the limitations period had expired. *Holland*, 560 U.S. at 652-53.

In contrast, Taylor sent his counsel one message on January 2, 2014, expressing concern about her calculation of the filing deadline and correctly indicating that his own research showed that if he appealed the denial of his post-conviction motion in the state courts, the federal limitations period would be tolled during that time. Taylor does not assert that he had any further communications with his counsel about the deadline or that he made any other attempt to file his petition sooner. By his own admission, Taylor's own legal research made him suspicious that there was at least a potential mistake in his counsel's calculations, yet he gives no explanation for why he continued to delay in filing his habeas petition or in obtaining new counsel. The only reason Taylor gives for his delay is reliance on his attorney's incorrect advice, yet because Taylor's sole communication with his attorney reveals he had good reason to suspect a mistake in her calculations, his contention concerning reliance on her advice carries less weight. At the time Taylor suspected a problem, he still had plenty of time to correct the error and file a habeas petition or to obtain new counsel, even if the time in which he could have filed an appeal at the state court was not tolled.

Yet despite suspecting his attorney's error, Taylor did not obtain new counsel until the day before he thought (incorrectly) the petition was due, nor did he attempt to file his own

9

petition. Thus, Taylor simply asserts he "conducted due diligence to have his habeas petition timely filed," but never explains how he demonstrated such diligence or what steps he took in pursuing his aim other than the one e-mail to his counsel in January 2014. With no other explanation for delay, we can hardly conclude Taylor met the requirement of diligence. *See, e.g.*, *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003) (finding no diligent pursuit of his rights when habeas petitioner offered no reason for waiting eleven months before filing his federal petition and "could have realized his miscalculation while there was still time to correct it"); *Dunlap v. United States*, 250 F.3d 1001, 1010 (6th Cir. 2001) (finding that petitioner's failure to offer an explanation for his delay in filing habeas petition "suggests a lack of due diligence"); *Martin v. Hurley*, 150 F. App'x 513, 516-17 (6th Cir. 2005) (finding petitioner did not meet the diligence requirement by simply asserting that he made a diligent attempt to pursue his claims but offering no reason for his delay in bringing his habeas petition).

Second, Taylor has not demonstrated that any extraordinary circumstance prevented him from timely filing his petition. Again, the only ground Taylor presents for equitable tolling is his attorney's miscalculation of the deadline and his reliance on her incorrect advice. It is well-settled, however, that a mistaken belief in calculating the statute of limitations does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *Lawrence*, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). In setting out the two-factor test in *Holland*, the Court was careful to reference its decision in *Lawrence* by specifically noting that "a garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal citations and quotation marks omitted).

This circuit has also recognized the same principle on numerous occasions. *See, e.g.*, *Robertson*, 624 F.3d at 784 ("The Supreme Court has long held that 'the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect' that causes an attorney to miss a deadline." (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))); *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (finding that habeas petitioner's lack of actual or constructive knowledge concerning the filing requirements was not sufficient grounds for equitable tolling because despite any alleged confusion about the deadline "ignorance of the law alone is not sufficient to warrant equitable tolling" (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))); *Jurado*, 337 F.3d at 644 ("Generally, a lawyer's mistake is not a valid basis for equitable tolling." (internal citations and quotation marks omitted)); *Elliott v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) ("[A]n attorney's mistake which results in missing the filing deadline imposed by the AEDPA is not a basis for equitable tolling.").

In support of his argument, Taylor relies only on three unpublished cases from the Ninth Circuit and the Northern District of Illinois, all of which are distinguishable from his case. In two of those cases, the Ninth Circuit gave almost no analysis at all and remanded them for further development of the record because it was unclear whether equitable tolling could be appropriate. *See Wallace v. Ignacio*, 79 F. App'x 292 (9th Cir. 2003); *Garza v. Yearwood*, 26 F. App'x 609, 610 (9th Cir. 2001). Here, the record is clear, and Taylor does not argue that a further evidentiary hearing is necessary. In the Illinois district court case, the court allowed equitable tolling primarily because the petitioner's direct appeal was concluded before AEDPA was passed, and at the time he filed his habeas petition the "state of the law regarding tolling was uncertain." *U.S. ex rel. Wilson v. Battles*, No. 00-C-7969, 2001 WL 1064536 (N.D. Ill. Sept. 10, 2001). Again, Taylor's situation is distinguishable. The laws concerning AEDPA deadlines

11

have been in place for many years and are well settled.[4]  Because of its clear provisions, Taylor "cannot claim a lack of constructive knowledge regarding the filing deadline.  Even if [petitioner] lacked actual knowledge of the relevant provisions of AEDPA, this court has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005) (quoting *Allen*, 366 F.3d at 403) (internal citations and quotation marks omitted).  Thus, Taylor's "lack of knowledge of the filing deadline is an unpersuasive factor in determining whether to allow equitable tolling."  *Id*.

## III

To summarize, Taylor's direct appeal of his conviction ended on March 21, 2012, when the Michigan Supreme Court denied leave to appeal.  Taylor's judgment became final for purposes of AEDPA on June 19, 2012, the day on which the ninety-day time period for seeking certiorari with the United States Supreme Court expired, *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009), and therefore the AEDPA statutory period began to run on June 20, 2012.  *See Bronaugh*, 235 F.3d at 284.  Because Taylor filed a post-conviction motion for relief from judgment on March 22, 2013, the AEDPA limitations period stopped running on that day, approximately 275 days into the one-year time period, and the time remained tolled until the state trial court denied Taylor's motion for relief on October 24, 2013.  As explained above, Taylor then had twenty-one days after the trial court denied his motion in which to file a timely appeal, after which he had six months in which to seek leave to file a delayed appeal.  However, because Taylor did not seek further review at the state court level, once the trial court denied his motion for relief he no longer had a post-conviction motion pending in state court, and therefore the AEDPA limitation period resumed running on October 25, 2013, with ninety-one days left in

---

[4] Moreover, even if the law in some circuits may be unsettled as to whether the limitation period would be tolled for the time in which a petitioner could have but did not appeal his post-conviction motion, Taylor never claims that he relied upon such an assumption or that doing so was the reason for his delay in filing his petition.

which to file his habeas petition. Under this calculation, Taylor needed to file his petition on or before January 24, 2014. Despite Taylor's argument that the limitation period should be tolled for the time in which he could have appealed the state court denial of his motion, his petition would still be untimely. Tolling the 21-day period in which he could have filed a timely appeal would only extend his habeas deadline to February 15, 2014. Tolling the six-month period in which he could have sought permission to file a late appeal would extend his habeas deadline to approximately July 24, 2014. Because Taylor did not file his habeas petition until October 24, 2014, it was untimely and properly dismissed under either of these scenarios. Taylor also has not established either diligent pursuit of his rights or existence of extraordinary circumstances, both of which are necessary to receive the benefit of equitable tolling. This is a case in which timing matters. Therefore, the trial court's dismissal of Taylor's habeas petition is AFFIRMED.